UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVINGSTON EDUCATIONAL SERVICE AGENCY; SAGINAW INTERMEDIATE SCHOOL DISTRICT; WALLED LAKE CONSOLIDATED SCHOOL DISTRICT; and WAYNE-WESTLAND COMMUNITY SCHOOLS,

        Plaintiffs,

v.

Xavier Becerra, SECRETARY OF DEPARTMENT OF HEALTH AND HUMAN SERVICES; DEPARTMENT OF HEALTH AND HUMAN SERVICES; Jooyeun Chang, ASSISTANT SECRETARY OF ADMINISTRATION FOR CHILDREN AND FAMILIES; ADMINISTRATION FOR CHILDREN AND FAMILIES; and Bernadine Futrell, DIRECTOR OF THE OFFICE OF HEAD START,

        Defendants.
_____/

Case No. 22-cv-10127

Hon. Nancy G. Edmunds

**ORDER GRANTING MOTION TO EXTEND
TEMPORARY RESTRAINING ORDER [31]**

This case concerns the November 30, 2021 Interim Final Rule with Comment Period, Vaccine and Mask Requirements to Mitigate the Spread of COVID-19 in Head Start Programs, 86 Fed. Reg. 68,052 (Nov. 30, 2021) (the "Rule") now codified at 45 C.F.R. § 1302.93. Plaintiff School Districts challenge the legality of the Rule. On January 31, 2022, this Court enjoined Defendants from implementing and enforcing the vaccination provision of the Rule against the unvaccinated staff identified in Plaintiffs' complaint (the "TRO"). (ECF No. 20.) The Court ordered that the TRO "shall remain in effect until the latest possible date and time allowable under Federal Rule of Civil

1

Procedure 65(b), or until the Court issues its ruling on Plaintiffs' Motion for Preliminary Injunction (ECF No. 5), whichever comes first." (*Id.*)

Before the Court is Plaintiffs' Emergency Motion to Clarify or Extend the Court's Temporary Restraining Order. (ECF No. 31.) Plaintiffs request the Court "clarify or extend" the TRO to ensure it does not expire until Plaintiffs' Motion for Preliminary Injunction has been resolved. (*Id.*; *see also* ECF No. 5.) Plaintiffs state Defendants do not concur in the relief requested (ECF No. 31, PageID.489-490), but Defendants did not file a response to Plaintiff's motion.

Federal Rule of Civil Procedure 65(b) provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry——not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension . . .

Fed. R. Civ. P. 65(b)(2).

Thus, by its terms, Fed. R. Civ. P. 65(b) applies only to TROs issued without notice. Here, the Court entered the TRO after notice was given, a telephone conference with both parties was held, and Defendants filed a response to Plaintiffs' motion. (*See, e.g.*, ECF Nos. 17, 18, 20.) But even if the 14-day time limit was applicable, district courts have leeway to extend a TRO "for good cause," such as when a motion for preliminary injunction remains pending. Fed. R. Civ. P. 65(b)(2); *United Nats., Inc. v. LXR Biotech, LLC*, No. 15-14299, 2016 WL 8118008, at *1 (E.D. Mich. Mar. 14, 2016).

A motion hearing on Plaintiffs' Motion for Preliminary Injunction has been set for February 28, 2022. For the reasons stated in its January 31, 2022 *Order Granting in Part*

2

*and Denying in Part Plaintiffs' Motion for Temporary Restraining Order*, the Court finds a continuing risk of irreparable harm should the TRO be dissolved before Plaintiffs' Motion for Preliminary Injunction can be heard. (*See* ECF No. 20.) This presents good cause to extend the TRO.

Accordingly, Plaintiffs' Emergency Motion to Clarify or Extend the Court's Temporary Restraining Order is **GRANTED**. It is **HEREBY ORDERED** that the January 31, 2022 TRO is extended until Plaintiffs' Motion for Preliminary Injunction (ECF No. 5) has been resolved.

**SO ORDERED.**

                                                        s/Nancy G. Edmunds
                                                        Nancy G. Edmunds
                                                        United States District Judge

Dated: February 14, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2022, by electronic and/or ordinary mail.

                                                        s/Lisa Bartlett
                                                        Lisa Bartlett
                                                        Case Manager